1  Anna Y. Park, CA SBN 164242
   Michael Farrell, CA SBN 266553
2  Rumduol Vuong, CA SBN 264392
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
4  Los Angeles, CA 90012
5  Telephone: (213) 894-1083
   Facsimile: (213) 894-1301
6  E-Mail: lado.legal@eeoc.gov

7
   Attorney for Plaintiff
8  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
9

10
                  UNITED STATES DISTRICT COURT
11
                 EASTERN DISTRICT OF CALIFORNIA
12

13  U.S. EQUAL EMPLOYMENT          )  Case No.: _____
    OPPORTUNITY COMMISSION,        )
14                                 )
                                   )
15           Plaintiff,            )  **COMPLAINT-CIVIL RIGHTS;**
                                   )  **EMPLOYMENT DISCRIMINATION**
16      vs.                        )
                                   )  (42 U.S.C. §§ 2000e, et seq.
17                                 )  and 12117)
    HOSPITAL HOUSEKEEPING SYSTEMS  )
18  OF HOUSTON, INC, AND DOES 1-10,)
    INCLUSIVE,                     )
19                                 )  **JURY TRIAL DEMAND**
                                   )
20           Defendant(s).         )
                                   )
21  _____ )

22
                      **NATURE OF THE ACTION**
23

24      This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), and

25  Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of

26  disability and to provide appropriate relief to Angelica Jaime Cece, the Charging Party, who

27  was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity

28

Commission ("EEOC") alleges that Defendant Hospital Housekeeping Systems of Houston, Inc. ("Hospital Housekeeping"), and DOES 1-10 ("Defendants") denied Angelica Jaime Cece ("Cece") a reasonable accommodation and discharged her on the basis of her disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3.    Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    At all relevant times, Defendant Hospital Housekeeping has continuously been a California corporation doing business in Madera County, State of California, and continuously had at least 15 employees.

5.    At all relevant times, Defendant Hospital Housekeeping has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the

ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant Hospital Housekeeping has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.    All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise.  Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein.  Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8.    Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names.  Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known.  Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9.    More than thirty (30) days prior to the institution of this lawsuit, Angelica Jaime Cece filed a charge of discrimination with the Commission alleging that Defendants violated

Title I of the ADA.

10.    Prior to the institution of this lawsuit, the Commission issued a Letter of Determination to Defendants finding reasonable cause to believe that Cece was discriminated against because of a disability.

11.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effectuate Defendants' voluntary compliance with Title I of the ADA through informal methods of conciliation, conference, and persuasion.

12.    Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

13.    Angelica Jaime Cece is disabled within the meaning of the ADA due to having an actual impairment, limited intellectual functioning, and/or being regarded as having such impairment. Cece was diagnosed at a young age as having an intellectual functioning disability. Due to her intellectual disability, Cece has been substantially limited in several major life activities, including learning and reading.

14.    Since at least 2006, Defendants have engaged in unlawful employment practices in violation of § 102 (a) and (b), 42 U.S.C. § 12112 (a) and (b). More specifically, Defendants discriminated against Angelica Jaime Cece on the basis of disability when they failed to provide a reasonable accommodation in violation of 42 U.S.C. § 12112 (b). Defendant further discrimination against Cece on the basis of disability when she was discharged in violation of 42 U.S.C. § 12112(a) because of her disability.

15.    In May 2006, Defendants hired Cece as a housekeeper for their operations at Children's Hospital Central California in Madera, CA. Upon commencing or prior to her

employment with Defendants, Defendants were aware of Cece's disability.

16.    In June 2006, William Crowell, Director of the Environmental Services Department, and Monica Mata, Assistant Director, confronted Cece about her disability and demanded that Cece take a reading test consisting of several signs.  Cece requested that she be allowed to take the signs home to study prior to the test as a reasonable accommodation for her intellectual disability. Crowell and Mata denied the accommodation and discharged Cece.

17.    Cece is a qualified individual capable of performing the essential functions of the housekeeping position with reasonable accommodations.

18.    The effect of the practices complained of as described in paragraphs 13 through 17 have been to deprive  Cece of equal employment opportunities.

19.    The unlawful employment practices in paragraphs 13 through 17 above were intentional.

20.    The unlawful employment practices complained of above were done with malice or with reckless indifference to Cece's federally protected rights.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B.    Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C.      Order Defendants to make whole Cece by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D.      Order Defendants to make Cece whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.      Order Defendants to make Cece whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.  The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.      Order Defendants to pay Cece punitive damages for their malicious and/or reckless conduct as described in Paragraphs 13-17 above in an amount to be determined at trial.

G.      Award the Commission its costs of this action.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

///

///

1

2                                     **JURY TRIAL DEMAND**

3          The Commission requests a jury trial on all questions of fact raised by its complaint.

4

5

6

7                                                          P. DAVID LOPEZ
                                                           General Counsel

8
                                                           JAMES LEE
9                                                          Deputy General Counsel

10                                                         GWENDOLYN YOUNG REAMS
                                                           Associate General Counsel
11
                                                           U.S. EQUAL EMPLOYMENT
12                                                         OPPORTUNITY COMMISSION
                                                           131 "M" Street, NE.
13                                                         Washington, D.C. 20507

14

15

16   Dated: September 28, 2011

17                                                         ANNA Y. PARK
                                                           Regional Attorney
18
                                                           MICHAEL FARRELL
19                                                         Supervisory Trial Attorney

20
                                                           RUMDUOL VUONG
21                                                         Trial Attorney

22
                                                           U.S. EQUAL EMPLOYMENT
23                                                         OPPORTUNITY COMMISSION

24

25

26

27

28