# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HOSPITAL HOUSEKEEPING SYSTEMS, INC., et al.,<br><br>Defendants. | Case No.  1:11-cv-01658-LJO-SAB<br><br>**ORDER TO DENY EXTENSION OF DATES** |

The parties have filed a stipulation seeking extension of discovery and dispositive motions deadlines. The parties propose new deadlines for completing discovery (March 25, 2013), filing dispositive motions (April 11, 2013) and hearing dispositive motions (May 28, 2013). This is the parties' second request for a stipulated extension. Their first stipulated extension request was granted on November 1, 2012. (ECF No. 19.) While the stipulation mentions that the reason for an extension is to discuss settlement, there are insufficient facts that demonstrate why they cannot simultaneously conduct settlement discussions and conduct discovery while still meeting the previously imposed deadlines.[1] Further, the new stipulation does not take into account the previously set pretrial conference date of May 21, 2013 and the set trial date of July 9, 2013.

---

[1] The previously granted stipulation cited settlement discussions as one of the reasons for the extension of the deadlines.

The district judge's burdensome caseload of 1,300 cases prevents it from scheduling matters at the parties' request, especially after being given a prior extension. Scheduling orders are vital to this Court's case management. Scheduling orders "are the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson, 975 F.2d at 610. The Court will not grant a second extension in the absence of a detailed showing of good cause and an accounting for both the pretrial conference date and actual trial. Absent consent before a United States Magistrate Judge and due to the district judge's caseload and trial schedule, the district judge is prepared to proceed on July 9, 2013 with the trial.[2]

Given the absence of necessary detail to support the parties' proposed dates, it is HEREBY ORDERED that the parties' request to extend the discovery and dispositive motion deadlines is DENIED without prejudice. This Court will entertain a further stipulation which properly addresses the issues raised above and which delineates the dates for discovery deadlines, dispositive motions, pretrial conferences and the trial date.

IT IS SO ORDERED.

Dated:   **February 6, 2013**          /s/ Stanley A. Boone
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] However, because of constitutional considerations, criminal jury trials take priority over civil trials. If a criminal trial were to conflict with the civil trial, the civil trial will trail until completion of the criminal trial.