UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOSPITAL HOUSEKEEPING SYSTEMS OF HOUSTON, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 1:11-cv-1658-LJO-BAM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>(Document 47) |

　　On August 9, 2013, Defendant Hospital Housekeeping Systems ("Defendant" or "HHS") filed a Motion to Enforce its Settlement Agreement with Plaintiff, the Equal Enforcement Opportunity Commission ("EEOC"). Defendant argues that the in-court settlement agreement read into the record was a binding and enforceable agreement. The EEOC opposed the motion, arguing that the parties did not intend to be bound by the terms of their in-court settlement agreement, absent a formal, signed and entered Consent Decree. The matter was heard on September 20, 2013, before Magistrate Judge Barbara A. McAuliffe.

　　On October 29, 2013, the Magistrate Judge issued Findings and Recommendations ("F&Rs) recommending the enforcement of a settlement agreement between the EEOC and Defendant. (Doc. 47). Magistrate Judge McAuliffe found that the parties reached a meeting of the minds on all material terms of the settlement agreement. Judge McAuliffe also concluded the agreement as placed on the record was sufficiently definite in all material terms and the disputes that subsequently arose over the final consent decree centered upon non-material terms. As a result, Judge McAuliffe <u>ordered</u> the parties to meet and confer to draft a final consent decree consistent with the terms of their in-court

settlement agreement, subject to the review and final approval by the Court. The F&Rs were served on all parties and contained notice that any objections were to be filed within fifteen (15) days. On November 13, 2013, Defendant filed objections to the F&Rs. On that same day, the EEOC filed its objections and response to Defendant's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&Rs to be supported by the record and by proper analysis. The F&Rs properly analyzed the enforceability of the settlement agreement in this action. In particular, this Court agrees with Magistrate Judge McAuliffe's assessment that the parties intended to be bound by the settlement agreement placed on the record. The transcript of the March 28, 2013 settlement conference demonstrated that the parties placed on the record the payment and consent decree terms and understood and agreed to all of the material terms of the settlement. The settlement agreement on the record is enforceable and the other points of contention raised while drafting the consent decree are immaterial. The fact that the parties now argue over the interpretation of certain provisions within the consent decree does not negate Judge McAuliffe's analysis.

Further, as instructed in the F&R's, the parties will have a final opportunity to agree to the terms of the consent decree before a final judgment is entered. The parties are ordered to meet and confer to determine whether they can reach an agreement as to the final consent decree based on the terms of settlement agreement as interpreted by the Magistrate Judge. If the parties are able to reach an agreement, then they shall submit a joint consent decree by December 2, 2013. If the parties are unable to reach an agreement, the parties should submit supplemental briefing outlining their respective positions.

Accordingly, this Court:

1. ADOPTS in full the Findings and Recommendations issued on October 29, 2013;
2. GRANTS Defendant's Motion to Enforce Settlement Agreement; and

3. ORDERS the parties to submit an agreed proposed consent decree or their letter briefing addressing the disputed terms of the consent decree on or before December 2, 2013.

**SO ORDERED**
**Dated: November 21, 2013**

                                         **/s/ Lawrence J. O'Neill**
                                         **United States District Judge**