UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>HOSPITAL HOUSEKEEPING SYSTEMS OF HOUSTON, INC., *et al.*,<br><br>    Defendants.<br>_____/ | Case No. 1: 11-cv-1658-LJO-BAM<br><br>**CONSENT DECREE AND ORDER** |

    Plaintiff the U.S. Equal Enforcement Opportunity Commission (the "EEOC" or "Commission") and Defendants Hospital Housekeeping Systems, Inc. and Hospital Housekeeping Systems, LLC ("Defendants" or "HHS") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's complaint against Defendants in <u>U.S. Equal Employment Opportunity Commission v. Hospital Housekeeping Systems, Ltd., et al.</u>, Case No. 1:11-CV-1658 LJO-BAM (the "Action"). On September 28, 2011, the EEOC filed this Action in the United States District Court, Eastern District of California, for violations of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. The Action alleges Defendants discriminated against Claimant/Real Party in Interest Angelica Jaime Cece by terminating Ms. Cece and denying her a reasonable accommodation because of an actual or perceived disability.

Defendants deny and dispute all allegations asserted by the EEOC in this Action, and also deny and dispute any liability and damages asserted by the EEOC.

**I.   PURPOSES AND SCOPE OF THE DECREE**

The EEOC and Defendants (collectively, the "Parties") agree that this Action should be fully and completely resolved by entry of this Decree.  This Decree shall be binding on and enforceable against Defendants and their officers and managers.

**II.   RELEASE OF CLAIMS**

A. This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in this Action.  This Decree shall be binding on and enforceable against Defendants and their parents, subsidiaries, officers, directors, agents, successors (defined as any corporate entity that acquires HHS, and does not include a Company that replaces HHS as a vendor providing housekeeping services to a hospital and does not prohibit HHS's ability to voluntarily withdraw from any housekeeping contract), and assigns.

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with the ADA or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

**III.   JURISDICTION**

A. The Court has jurisdiction over the Parties and the subject matter of this Action.

B. This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person.

2

    C.    The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the Decree.

## IV. EFFECTIVE DATE AND DURATION OF DECREE

    A.    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

    B.    Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## V. MODIFICATION AND SEVERABILITY

    A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

    B.    If one or more of the provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

    C.    By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of the Decree.

## VI. COMPLIANCE AND RESOLUTION

    A.    The Parties agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Defendants have breached. Defendants shall have ninety (90) days to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

B. The Parties agree to cooperate with each other and use reasonable efforts to resolve any dispute referenced in the EEOC notice.

C. After ninety (90) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief that the Court may deem appropriate.

**VII. MONETARY RELIEF**

A. In settlement of this lawsuit, Defendants shall pay to Claimant/Real Party in Interest Angelica Jaime-Cece the gross sum of $40,000.00 (forty thousand dollars and zero cents) ("Settlement Sum").  Defendants shall prepare and distribute a Form 1099 to Ms. Jaime-Cece and shall make the appropriate reports to the Internal Revenue Service and other tax authorities reflecting said payment. Defendants make no representations to the EEOC or Ms. Jaime-Cece as to Ms. Jaime-Cece's tax liability, if any, on the Settlement Sum.  The Parties agree that Ms. Jaime-Cece is fully and solely responsible for any and all tax liabilities with respect to the Settlement Sum (with the exception of employer-side FICA).

B. Defendants shall forward to Ms. Jaime-Cece, via certified mail, a check for the full amount of the Settlement Sum within ten (10) days of the Effective Date of this Decree. Within three (3) business days of the issuance of the settlement check, Defendants shall submit a copy of the check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

**VIII. GENERAL INJUNCTIVE RELIEF**

A. <u>Anti Discrimination</u>

Defendants, their officers, agents, and management, successors, assigns, and those in active concert or participation with them are hereby enjoined not to discriminate against any individual in the terms and conditions of employment on the basis of their disability.

4

B. <u>Retaliation</u>

Defendants, their officers, agents, and management and those in active concert or participation with them are hereby enjoined not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current employee of or job applicant to Defendants because he or she has in the past, or during the term of this Decree,

1. Opposed any practice made unlawful under the ADA;

2. Filed a charge of discrimination alleging such a practice;

3. Testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants or proceeding in connection with this Action or relating to any claim alleging a violation of the ADA;

4. Has been identified as a possible witness or claimant in this Action;

5. Asserted any rights under this Decree;

6. Sought and/or received any relief in accordance with this Decree; or

7. Has been associated with an employee who has engaged in the activities set forth in Section VIII(B).

## IX. <u>INJUNCTIVE RELIEF</u>

A. <u>ADA Coordinator</u>

Within thirty (30) days after the effective date, Defendants shall designate an ADA Coordinator within their Company. Defendants shall have sole authority to appoint the ADA Coordinator, and promise that this person will possess appropriate qualifications and experience for the responsibilities he/she is expected to employ (as set forth below). Defendants shall bear all costs associated with the selection and retention of the Coordinator and the performance of his/her duties. The ADA Coordinator's responsibilities shall include the following:

1. Implement and monitor Defendants' compliance with the provisions of this Decree;

2. Assist Defendants in monitoring and assuring the proper investigation of all complaints of disability discrimination and/or failure to reasonably accommodate (if any),

   including assisting Defendants in properly communicating with complainants regarding the complaint procedure, status of a complaint/investigation, results of an investigation, and any remedial action taken;

 3. Ensure that all reports required by this Decree are accurately compiled and timely submitted; and

 4. Ensure compliance with the terms of this Decree.

 B. <u>Policies and Procedures</u>

Within sixty (60) days after the Effective Date, Defendants agree to review (and revise, if necessary) their disability-related policies to ensure that the policies comply with the ADA and shall include provisions:

 1. Prohibiting discrimination based on a disability and explaining how an employee may complain about disability discrimination;

 2. Prohibiting retaliation for seeking a reasonable accommodation for a disability or complaining about alleged disability discrimination;

 3. Requiring timely reasonable accommodations with regard to all terms, conditions, benefits, and privileges of employment, including requirement to engage in a good faith interactive process;

 4. Explaining an employee's rights under ADA, including how to request a reasonable accommodation and a manager/supervisor's responsibilities when receiving a request for accommodation; and

 5. Confirming Defendants commitment to engage in the interactive process with all employees related to their requests for reasonable accommodation;

Within ninety (90) days of the Effective Date, Defendants shall ensure that hard copies of the Policy are available in all of Defendants' California locations and in its corporate Human Resources Department in Austin, Texas. Also, the online version of the Policy must include a contact name and

email address designating a person within Defendants' organization who can answer any follow up questions related to the Policy.

      C.      <u>Posting of Notice of Entry of the Decree</u>

Within thirty (30) days of the Effective Date, Defendants shall ensure that it has posted the Notice of Entry of Decree (attached to this Decree as Attachment A) in a conspicuous place accessible to all employees in Defendants' California locations and its corporate Human Resources Department in Austin, Texas. Within thirty (30) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming the posting of the Notice of Entry of Decree.

      D.      <u>Training</u>

Within sixty (60) days of the Effective Date, Defendants shall provide training, lasting at least one hour in duration, to all salaried managers at Defendants' California locations and to all Human Resources employees at Defendants' corporate office in Austin, Texas. The training shall cover the Policy, employee's rights pursuant to the ADA, the ADAAA, what constitutes a request for a reasonable accommodation pursuant to the ADA and ADAAA and Defendants' obligations to engage in the interactive process. The training must be live and interactive. All persons required to attend such training shall verify their attendance in writing. This training must also be given, within sixty (60) days of the hire date, to any new salaried manager at Defendants' California locations or new Human Resources employee at Defendants' corporate offices in Austin, Texas.

Within sixty (60) days of the Effective Date, Defendants shall provide an additional training to all hourly employees at Defendants' California locations. The training shall cover the Policy, employee's rights pursuant to the ADA, the ADAAA, and Defendants' procedures for complaining about disability discrimination and request for reasonable accommodation. This training may be provided by video. This training must also provide a mechanism by which employees may direct specific questions related to the subjects covered in the training (e.g., a website or specific email address). All persons required to attend such training shall verify their attendance in writing. This

training must also be given, within sixty (60) days of the hire date, to any new hourly employee at Defendants' California locations.

Within ninety (90) days of the Effective Date and annually thereafter through the term of the Decree, Defendants shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

E. Reporting

Defendants through the ADA Coordinator shall provide the following reports annually throughout the term of the Decree:

1. The attendance lists for all training sessions required under this Decree that took place during the previous twelve months; and

2. An description of all disability discrimination and/or failure to reasonably accommodate complaints made since the submission of the immediately preceding report hereunder, which shall include the names of any complaining individuals (and those about whom they have complained); the nature of the complaint; the dates of the alleged discrimination or failure to reasonably accommodate; a brief summary of how each complaint was resolved; and the identity of the employee(s) who investigated and/or resolved each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report.

**X.   MISCELLANEOUS PROVISIONS**

A.   During the term of this Decree, Defendants shall provide any potential successor-in-interest (not to include any Company that replaces HHS as a vendor providing housekeeping services to a hospital and does not prohibit HHS's ability to voluntarily withdraw from any housekeeping contract) with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to

8

the execution of any agreement for acquisition or assumption of control of Defendants' business, or any other material change in corporate structure. Defendants shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure.

      B.    During the term of this Decree, Defendants shall assure that each of its officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his or her job duties.

      C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

**XI.**    **COSTS AND ATTORNEYS' FEES**

Each party shall bear its own costs of suit and attorneys' fees.

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and entered, and compliance with all provisions thereof is HEREBY ORDERED. The Court shall retain jurisdiction over the above-entitled action for the duration of this Consent Decree.

The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

    Dated:   **February 24, 2014**          **/s/ Lawrence J. O'Neill**
                                                               UNITED STATES DISTRICT JUDGE